## THE PEOPLE, RESPONDENTS, *v.* MYER FRANK, APPELLANT.

CRIMINAL LAW—LARCENY.—In order to constitute the crime of larceny it is necessary that the property taken should have an owner, and that it be taken with felonious intent.

INDICTMENT—PROOF.—In an indictment for larceny it is necessary that the ownership of the property taken should be alleged, and such averment must be proved substantially as laid.

INDICTMENT—PROOF—VARIANCE.—If in an indictment for larceny the property is alleged to be that of W., but on the trial be proven to be that of W. & Co., consisting of W. and another person, the variance is fatal.

APPEAL from the second judicial district, Boise county. The verdict of the jury was as follows: "We, the jury, find a verdict of guilty against the defendant for grand larceny, for stealing the property of M. Whiteman & Co., namely, gold specimens to the amount of sixty-five dollars, more or less; also gold coin to the amount of about ninety dollars, and two gold buckles valued at twelve or fifteen dollars, the property of M. Whiteman & Co., which was stolen June, 1867, at Centerville, Boise county, I. T." The remaining facts are sufficiently stated in the opinion.

*John C. Henley*, for the appellant, cited the following authorities: 2 Archb. Crim. Pl. and Pr. 357–367; criminal practice act, sec. 406–409.

*J. J. May, district attorney*, for the people.

CUMMINS, J., delivered the opinion of the court, KELLY, J., concurring, MCBRIDE, C. J., concurring in the judgment.

The defendant was indicted for grand larceny. On the trial the jury returned a special verdict, in which they described the property set out in the indictment, giving its value and stating that it was stolen by the defendant from, and that the property belonged to, "M. Whiteman & Co.," but do not say that the —— Whiteman named in the indictment is the same with M. Whiteman named in the verdict. Upon this the court below sentenced the defendant to imprisonment in the penitentiary.

The error assigned is that the indictment and verdict show a variance: that the indictment charges the property to belong to —— Whiteman, while it was found on the proof to be the property of M. Whiteman & Co., an entirely different ownership.

This position is correct, as I conceive, upon principle as well as upon authority. The statute requires that to constitute the crime of larceny, the property of some person should have been taken with a felonious intent. The principle has always been laid down and strictly adhered to by courts in cases of this character, so far as my researches

have gone, that the property stolen must be laid in the indictment in the general owner, or in some one having a special property therein, as a bailee. And this averment or statement must be proved substantially as laid. (*Commonwealth* v. *Blood,* 4 Gray, 33.)

In this case, as I have stated, it was averred that the property belonged to —— Whiteman. On the proof it appeared to be the property of M. Whiteman and one Arnheim, doing business as partners, and that both were in and about the store where the goods were stolen.

In the case of *The Commonwealth* v. *Trimer et al.,* 1 Mass. 476, the indictment, as in the case now being considered, averred the goods stolen to belong to Joseph Haley. It appeared in evidence that these goods were the property of Haley and one Joshua Emery, who were partners in trade. Upon which Sedgwick, J., being present at that time only, Sewall, J., being also present, said if the case proceeds there must be an acquittal, as a conviction on this indictment would be no bar to another prosecution.

I think upon a careful scrutiny of the *Dodd case,* and also the case of *Dodge and Chilcott,* 2 Archb. Crim. Pl. and Pr. 366, they will be found not to declare a contrary rule or opinion, as has been intimated. In the former it was said that the goods stolen might have been laid as the property of Dodd, senior, for the very evident reason that he might be considered the bailee of the minor heirs, who inherited their ancestors' share of the common property. The minor children could not be said, in law, to be in possession of such property, as each one of the several partners of a business firm are of the entire property. Neither could they be said to be in possession of their moiety. So in the latter case. The property was stated in the indictment to belong to Dodge and Sarah Chilcott, widow. It was contended by the prisoner that the children of S. Chilcott, deceased, in respect to their interest under the statute of distributions, should have been named as joint proprietors. But the learned judge before whom the prisoner was tried held that the actual possession in B. Dodge and Sarah Chilcott, as owners, was sufficient. And the judges after-

wards, upon the case being reserved for their consideration, held that the conviction was right. While it is true that the possession of Dodd in the one case, and of Dodge and Chilcott in the other, might inure to the benefit of the minor children, and was in fact for them, yet that possession was not their possession in the sense we use that term when speaking of partners. In the former cases the possession, which is sufficient to maintain the indictment, is exclusive, in a great measure, in those named, while in case of partners it is quite different, for in this case the possession of one is not exclusive, but the possession of the firm. Hence it must be admitted that there were very cogent and strong reasons for the rule, as well as a decided preponderance, at least, of authority, and, as I think, the conflict in authorities is more apparent than real. The property, then, should be laid as the property of all the general owners, or of a bailee or bailees, or in case of partners or other joint owners or owners in common, it should be stated either as the property of all, naming them, or as one of them named, and "another" or "others."

This would be sufficient upon which to determine the case in this court, were it not intimated that the ruling of the court below is justified by the two hundred and thirty-ninth section of the criminal practice act. This section reads as follows: "When an offense involves the commission or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material."

From this it is insisted that in case the offense is sufficiently set forth or described, so there is no mistaking the crime intended to be charged, an erroneous allegation as to the person injured, even though it should turn out to be an entirely different name, will not affect the proceedings. And the case of *The People* v. *McNealy*, 17 Cal. 332, is cited as favoring this view. So far as I can gather anything from this case cited, it presented a good indictment for an "assault with a deadly weapon with intent to inflict bodily injury," but gave the name of Sin Groon as the person in-

jured, when it turned out in evidence that the name of such person was Lin Goon. Whereupon a *nolle prosequi* was entered. A new indictment having been found, a trial and conviction was had, and an appeal taken. The defendant, among other defenses, set up on the second trial a "former acquittal." On this defense the court excluded all evidence, which the supreme court held right, and in commenting on the section above quoted, says that "it is contended by the defendant that the effect of this section was to render the variance between the proof and the indictment immaterial; but we think that such is not the proper construction. It is only where there are other circumstances sufficient to identify the offense that the statute was intended to operate." This last sentence is somewhat ambiguous, as the court do not intimate in what such "other circumstances" might consist. But they further say: "There is no such circumstance in this case, and to hold that the defendant could have been convicted notwithstanding the variance, would be to hold that he might have been convicted of an offense different from that charged in the indictment."

The language of the court in the case cited applies with equal force to the case at bar. There is no objection to the indictment, but by the evidence it is ascertained that the prisoner did not steal the goods of —— Whiteman, but is guilty of another offense altogether, namely, that of feloniously taking the property of M. Whiteman & Co.

In the case of McNeally, the indictment being good so far as it charged a public offense and going no further, as in this case, the statute did not apply, for the reason that there were none of those circumstances in respect to which it might be defective, and yet be sufficient to support a sentence. To charge the offense of larceny the felonious taking and carrying away must not only be averred, but that the goods were the property of some person named. Then the plain reading of the statute is, where an offense involves the commission or an attempt to commit private injury, as almost every felony does, and the offense is described with sufficient certainty, except as to the private injury, to iden-

tify the act, an erroneous allegation as to the person injured will not be material; still the person injured must be named, or the failure will be fatal. The court plainly say that the statute has no application to cases of variance. The statute does not, as I conceive, dispense with the necessity of naming the person injured, but only declares that where the offense is sufficiently described in other respects than in describing the private injury, an erroneous allegation as to the person injured will not affect the proceedings, although the proper person must be named. If there is no attempt, as in this case, to describe the private injury which may have been involved, further than it is necessarily included in the statement of the public offense charged, then a case for the application of the statute is not presented. And hence there is much force in the position of the counsel for the prisoner that this statute applies more frequently to that class of offenses made so by statute, which were mere private injuries at common law. For it is a general rule that indictments in such cases are required to be more particular in the statements of facts constituting the offense, in order to bring them clearly within the statute.

Therefore I conclude that the statute was not designed nor does it do away with the effect of a variance in this respect, and in this case it was necessary for the prosecutor to prove the averment of ownership substantially as laid. But not having done this the variance is fatal.

Judgment reversed.

Opinion by MCBRIDE, C. J., concurring in the judgment.

I do dissent from the judgment rendered in this case. I only desire to say that in my opinion section 239 of the criminal practice act is narrowed in its construction by my associates beyond what is warranted. The statute provides that where there are other circumstances sufficient to identify the offense charged, that an error as to the person injured shall not be material. As I do not propose to claim that there are sufficient other circumstances in this case to warrant us in saying that the offense described by the special verdict is the same charged in the indictment, it is not ma-

terial to go further than to say that I think the statute means that there may be cases so identified by other facts than those referring to the person injured, that notwithstanding it turns out to be another person, the defendant may be convicted. What those facts might be in advance it would be too difficult to define. But if defendant is charged with assaulting A and the act, the manner of it, the instrument, the place where, and the time when, are so described that where the proof shows that the act charged was in reality committed on B, and not on A, then, notwithstanding the variance, he may be convicted. In such case the statute will apply.

With this expression of my views I concur in the judgment.