(February 20, 1904.)

## STATE v. IRELAND.

[75 Pac. 257.].

INFORMATION — VARIANCE — PROOF — MISTAKE — ERROR — EVIDENCE— UNEXPLAINED POSSESSION OF—DEPOSITION.

1. Where the information avers the title to stolen property in B., and the evidence shows that B. and J. are the owners thereof, the variance between the averment and proof is not fatal, overruling *People v. Frank,* 1 Idaho, 200, on that point.

2. Under the provisions of section 8236, Revised Statutes, no error or mistake in an information renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

3. *Held,* the evidence shows that the stolen property was taken without the consent of the owner.

4. The weight to be given to the explanation by the defendant of his possession of recently stolen property is exclusively for the jury, and *held,* in this case, that such evidence was not sufficient to raise reasonable doubt of his guilt.

5. A deposition taken under the provisions of section 7588, Revised Statutes, may be introduced on the trial on behalf of the state, if it is first shown that due diligence has been exercised to procure the attendance of the witness, and has failed to procure it.

(Syllabus by the court.)

APPEAL from District Court of Custer County. Honorable J. M. Stevens, Judge.

Defendant was convicted of grand larceny. Judgment affirmed.

Chalmers & Jones and William J. Lamme, for Appellant.

In the information, the property is alleged to be that of Bybee, but on the trial it was proved to be that of the firm of Bybee & Jones, and this is in law a fatal variance. (*People v. Frank,* 1 Idaho, 200; *Scott v. State,* 42 Ark. 73; *McGowan v. State,* 58 Ark. 17, 22 S. W. 955; *Hannahan v. State,* 7 Tex. App. 664; *People v. Bogart,* 36 Cal. 245; *McBride v. Commonwealth,* 13 Bush (Ky.), 337; *Robinson v. State,* 5 Tex. App.

519; *People v. Reed,* 70 Cal. 529, 11 Pac. 676; Wharton's Criminal Evidence, 9th ed., sec. 94, and citations; Clark's Criminal Procedure, pp. 227-231, and citations; 1 Bishop's Criminal Procedure, secs. 581, 583, and citations; 2 Bishop's Criminal Procedure, secs. 718, 723, and citations; 12 Ency. of Pl. & Pr., pp. 960, 967, and notes.) The ownership of the property being joint in Bybee & Jones, there was an utter failure of proof of want of consent to the taking on the part of Jones, and the defendants should therefore have been acquitted. (12 Ency. of Pl. & Pr., p. 977, and notes; *Wilson v. State,* 12 Tex. App. 481; 5 Lawson's Criminal Defenses, p. 639; *White v. State,* 20 Wis. 236; *Stinson v. People,* 43 Ill. 397; *Kellogg v. State,* 20 Ohio St. 15; *Krause v. Commonwealth,* 94 Pa. St. 418, 39 Am. Rep. 762; *Schultz v. State,* 20 Tex. App. 308; *Drumright v. State,* 29 Ga. 430; *State v. Storts,* 138 Mo. 127, 39 S. W. 483.) Unexplained possession of recently stolen property does not raise a legal presumption of guilt and shift the burden of proof upon the accused, but is merely a fact from which guilt may be inferred. (*State v. Hale,* 12 Or. 352, 7 Pac. 523; Lawson's Criminal Defenses, 1048; *State v. Griffin,* 71 Iowa, 372, 32 N. W. 447; *State v. Brown,* 75 Mo. 317.) It is error to instruct the jury, upon a trial for larceny, that possession of stolen property soon after it is stolen is of itself *prima facie* evidence that it was stolen by the defendant, and that the burden of proving his possession to have been honest is then thrown upon the defendant. (*Conkwright v. People,* 35 Ill. 204; *Hoge v. People,* 117 Ill. 35, 6 N. E. 796.) When one indicted for theft has given a reasonable account of his possession of the stolen goods, it is then incumbent upon the state to show that such account is false. (*Ward v. State,* 41 Tex. 611.) The bare possession of property recently stolen is not conclusive evidence of guilt. Especially is this so of property of the kind involved in this case. (*State v. Seymour,* 7 Idaho, 257, 61 Pac. 1033.) The deposition of R. L. Bybee was inadmissible, and defendant's objection to its introduction should have been sustained, and the motion to strike it out granted. (*People v. Mitchell,* 92 Cal. 490, 27 Pac. 862; *People v. Morine,* 54 Cal. 575; *People*

*v. Chung Ah Chue,* 57 Cal. 567; *Williams v. Chadbourne,* 6 Cal. 559; Wharton's Criminal Evidence, 9th ed., sec. 229.)

John A. Bagley, Attorney General, and N. H. Clark, for the State.

Fletcher Ireland and John M. Ireland were informed against and tried upon the charge of grand larceny, at the August term of the district court of the sixth judicial district, in and for Custer county. The jury were unable to agree as to the guilt or innocence of John M. Ireland, but returned a verdict of guilty as to Fletcher Ireland, who, after motions for a new trial and arrest in judgment had been duly made, argued and overruled, was by the court sentenced to the term of imprisonment in the state penitentiary, at hard labor, for the period of three years. On or about the sixteenth day of June, 1903, the horses alleged to have been stolen were hobbled and grazing upon a flat, about one-half mile below the town of Custer, Custer county, Idaho; the said defendants, and each of them, being in the said town of Custer on that day. On the morning of June 17th the horses were gone, together with some saddles and bridles belonging to some other parties in said town, and at the same time the defendants were also missed from the town of Custer. Word was immediately sent to the sheriff of Custer county that horses had been stolen, and after telephoning to different officers, the horses in charge of Fletcher and John M. Ireland were found in Hailey, Blaine county, where they were being offered for sale, together with the two saddles and one bridle, for the sum of $50. They were arrested by the sheriff of Blaine county, and given into the custody of the sheriff of Custer county, together with the property alleged to have been stolen, on or about the twenty-first day of June, 1903. That the horses were the property of the complaining witness or that they were taken by the defendant within the county of Custer, state of Idaho, and by said defendants removed to the town of Hailey, Blaine county, Idaho, and there offered for sale, together with the saddles and bridle, for the sum of fifty dollars ($50), has never been denied by the defendants, but the sole justification is that the

defendant, Fletcher Ireland, purchased the horses in question, together with the two saddles and one bridle, from a person by the name of William Reed, which purchase was on the flat below Custer, on the evening of June 16th, in the presence of one witness, Wert Collier by name, the said Reed giving to Ireland no bill of sale or instrument in writing evidencing said sale. Taking the evidence in the most favorable light, and not considering the testimony of R. L. Bybee and the bill of sale of C. T. Jones, still the testimony would show that Jones & Bybee were, as partners, owners of the property in question, and that R. L. Bybee had the custody, possession and control of the property equally with C. T. Jones. This is sufficient. "In a prosecution for robbery the fact that the property alleged to have been stolen did not in its entirety belong to the person named in the indictment as owner is not such a variance as to prevent a conviction." (*People v. Clark,* 106 Cal. 32, 39 Pac. 53; *State v. Farris,* 3 Idaho, 666, 51 Pac. 772; *Henry v. State,* 45 Tex. 84; *Samora v. State,* 4 Tex. App. 508.) The rule taken by our supreme court in the case of *State v. Sanford,* 8 Idaho, 187, 67 Pac. 492, that to the effect that possession of recently stolen property, when unexplained, is a circumstance from which guilt may be inferred is a correct rule, and that if a reasonable explanation of the possession is made by the defendant, then the state must prove its falsity, and the jury are the judges of the question, as a matter of fact, whether or not the possession has been reasonably explained. In the case of *State v. Seymore,* relied upon by appellant, Seymore gave a direct and positive explanation of his possession of the property, which in the light of surrounding circumstances may be reasonable.

SULLIVAN, C. J.—The defendant was convicted of the crime of grand larceny at the August term of the district court in Custer county, and was sentenced to confinement in the penitentiary for three years. By information of the county attorney defendant was charged with having stolen a black horse, the property of one Bybee. The appeal is from an order denying a new trial and from a judgment. Counsel for appellant assign thirty-seven errors as the basis for reversal of the judg-

ment. It is contended by counsel for appellant that in the information the title to said horse is alleged to be in said Bybee, and that on the trial it was proved to be in the firm of Bybee & Jones, and that this is a fatal variance. A deposition of said Bybee was introduced in evidence on the trial, and in that said Bybee testified that he was the owner of said horse. Thereafter one Jones testified as a witness for the state that he was a partner of said Bybee, and that they jointly owned the horse. During the trial a written bill of sale from said Jones to Bybee of said horse, dated June 12, 1903, was introduced in evidence. It was a question for the jury to determine as to who was the owner of said horse, and even if the evidence shows that said animal belonged to the partnership of Bybee & Jones, and not to Bybee, as alleged in the information, we think the variance was not fatal.

This court held in *State v. Farris,* 5 Idaho, 666, 51 Pac. 772, that where the information alleged one C. to be the owner of the stolen property and the proof showed that he was in possession of the property as the agent of the real owner with full power to sell or otherwise dispose of the same, variance was not fatal. And in *State v. Rathbone,* 8 Idaho, 161, 67 Pac. 186, where the title to the stolen property was alleged in the information to be in George M. Brown, and the proof showed that it was the property of George M. Brown and R. L. Brown, this court held that the variance between the allegation and the proof was not fatal.

In the territorial days of our supreme court, it was held in *People v. Frank,* 1 Idaho, 200, that in an indictment for larceny where the property is alleged to be that of W. and on the trial it is proved to be that of W. & Co., the variance is fatal. We are not inclined to follow the technical rule there laid down, and as to that point overrule that decision. (See *People v. Clark,* 106 Cal. 32, 39 Pac. 53; *Henry v. State,* 45 Tex. 84.) Section 8236, Revised Statutes, provides as follows: "Section 8236. Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right."

Could it possibly prejudice any substantial right of the defendant whether the stolen animal belonged to Bybee alone or to Bybee & Jones as partners? We think not. Bybee certainly had an interest in it if he was only half owner thereof.

In the Texas case above cited the defendant was indicted for the theft of "two certain oxen of the value of $20 each, and both of the value of $40, the property of Mrs. Mary Cobb." Upon the trial it was shown that the oxen belonged to Mrs. Mary Cobb and others. It was held that the variance between the proof and the averment in the indictment was not fatal. However, we think from the evidence that the animal stolen was the property of Bybee.

The second contention of counsel for respondent is that there was an utter failure of proof of want of consent to the taking of said property. We have examined the evidence on this point and it clearly shows that the taking thereof was without the consent of the owner. It also shows that if the animal belonged to Bybee & Jones, that the taking was without the consent of both or either.

The admission of the deposition of the witness Bybee on behalf of the state is assigned as error. In *State v. Potter,* 6 Idaho, 584, 57 Pac. 431, this court had under consideration the question whether it was error to admit on the trial of the case a deposition taken on the preliminary examination, and it was there held that it was error to admit such deposition. That was the only question before the court in that case. If there is any language used there that would indicate that a deposition taken under the provisions of section 7588 of our Revised Statutes could not be used by the state on the trial of the case, such language was mere *dictum* and was not necessary to the decision of that case, and was overruled.

In the case of *State v. White,* 7 Idaho, 150, 61 Pac. 517, this court held that it was not error to admit in evidence a deposition taken under the provisions of said section 7588 of the Revised Statutes. Under the provisions of that section, a witness, under certain circumstances, may be conditionally examined. And it is evident that in the enactment of said section and the three sections immediately preceding it, it was intended that

such deposition might be used by either the state or the defendant on the trial of the case. The deposition objected to was taken in accordance with the provisions of said section 7588, and, as the record shows, the witness could not be procured, after reasonable diligence, to testify on the trial, the admission of said deposition was not error.

Before the state can use a deposition taken under the provisions of said section, it must be shown that the state has used reasonable diligence to procure the attendance of such witness and has been unable to do so.

It is contended that the evidence is insufficient to sustain the verdict, as there is no evidence whatever to contradict the explanation of defendant of his possession of the stolen horse. We cannot agree with this contention. We think his explanation of his possession was a strong circumstance tending to show his guilt. It was not sufficient to create any doubt of his guilt. The common defense, in such cases, is the purchase of the property stolen from an unknown person, and the jury are the judges of the weight to be given to such evidence, and we think they gave it in this case the full weight it deserved.

We have examined all of the errors assigned by counsel for the appellant, and conclude that it is not necessary for us in this opinion to refer particularly to each assignment, but it is sufficient to say that we find no error in the record, and for that reason the judgment of the trial court is affirmed.

Stockslager and Ailshie, JJ., concur.