(February 14, 1908.)

## STATE, Appellant, v. RAFFAELE ZARLENGA, Defendant.

[94 Pac. 55.]

DEPOSITIONS—CONDITIONALLY TAKEN—WHEN ADMITTED IN EVIDENCE—SHOWING TO BE MADE.

    1. Depositions taken in pursuance of sec. 7588, Rev. Stat., are admissible in evidence.

    2. Before a deposition, taken as provided in sec. 7588, Rev. Stat., is admitted in evidence, the prosecution must show all the preliminary steps necessary to be taken up to the time of taking such deposition.

    Idaho, Vol. 14—20

3. The facts necessary to be shown are as follows: First, that the deposition was taken before the magistrate who conducted the preliminary examination, or the judge of the court to which such party had been held for trial. Second, that it was shown to such magistrate or judge, upon oath, that there was reason to believe that such witness whose deposition was sought would not appear and testify unless security was given. Third, that the magistrate or judge made an order requiring such witness to enter into a written undertaking, with sureties, under the provisions of sec. 7585, Rev. Stat.

4. When it satisfactorily appears to the magistrate or judge, by examination on oath of the witness, or any other person, that the witness is unable to procure sureties, he may be forthwith conditionally examined on behalf of the people under the provisions of sec. 7588, Rev. Stat.

5. It must also appear that the defendant has been advised of his right to counsel, and to be represented by such, and that the defendant was present in person and by counsel if he desired so to be, or had notice of such examination if on bail.

6. It must also appear that the examination was conducted in the same manner as an examination before a committing magistrate, and certified in the same way.

7. Before such deposition is offered in evidence, the state must prove that the witness whose deposition is offered is unable to attend by reason of his death, insanity, sickness, or infirmity, or his absence from the state, and that due diligence has been exercised in the effort to procure the presence of said witness.

8. Where such facts have not been proved at the time the deposition of the witness is offered, it is not error on the part of the court to refuse to admit such deposition in evidence.

(Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Prosecution for murder. Refusal of the trial court to admit in evidence a deposition conditionally taken and offered by the state. Appeal from said order. *Order affirmed.*

J. J. Guheen, Attorney General, and F. A. Hutto, Prosecuting Attorney, for Appellant.

Diligence, in this case, was sufficient. (*Garner v. Cutler*, 28 Tex. 175; *Stoddard v. Hill*, 38 S. C. 385, 17 S. E. 138; *People*

*v. Riley,* 75 Cal. 98, 16 Pac. 544; *Renton v. Monnier,* 77 Cal. 449, 19 Pac. 820; *Kelly v. Benedict,* 5 Rob. (La) 138, 39 Am. Dec. 530; *Percival v. Groff,* 8 Blackf. (Ind.) 233; *Roberts v. Carter,* 28 Barb. (N. Y.) 462; *Wright v. Reed,* 37 Tex. 265; *Jenkins v. Richardson,* 29 Ky. (6 J. J. Marsh.) 441, 22 Am. Dec. 82; *Rankin v. Cooper,* 2 Browne, 13; *Tompkins v. Wiley,* 6 Rand. (Va.) 242.)

This court has passed upon this kind of evidence often, and has clearly determined that this deposition should have been admitted. (*Territory v. Evans,* 2 Ida. 651, 23 Pac. 232, 7 L. R. A. 646; *State v. Potter,* 6 Ida. 584, 57 Pac. 431; *State v. White,* 7 Ida. 150, 61 Pac. 517; *State v. Ireland,* 9 Ida. 686, 75 Pac. 257.)

Our statute is taken from California, and in *People v. Mitchell,* 64 Cal. 85, 27 Pac. 862, while the deposition was rejected, in prescribing the requisites for admission, the court clearly makes such a deposition admissible.

No appearance for respondent, and no brief filed.

STEWART, J.—An information was filed against the defendant charging him with the crime of murder in the killing of one Joseph D'Ipolito.   Trial was had in the county of Twin Falls.   The defendant was acquitted.   During the trial the prosecuting attorney offered in evidence the deposition of one Joe Pedri.   It was contended that this deposition was taken under the provisions of sec. 7588, Rev. Stat.   To the introduction of this deposition, counsel for defendant made numerous objections in effect as follows: That no foundation had been laid for the introduction of this deposition; that it did not appear that the deposition was signed or sworn to under the direction or in the presence of the magistrate; that it did not appear that the witness was intending to depart from the jurisdiction of the court; that it did not appear from the deposition that the defendant had been advised of his rights and appeared with his counsel; that diligence had not been shown; that at the time the deposition was taken the cause was pending in the district court, and had passed beyond the jurisdiction of the probate court.   The objections were sus-

tained by the court, and the deposition was rejected as evidence. The state appeals to this court from the ruling of the district court in refusing to admit in evidence said deposition. This appeal is taken under sec. 8043, Rev. Stat., as amended by the Laws of 1907, p. 509. The defendant makes no appearance in this court. The only question presented by the record is, Was said deposition admissible in evidence? This court has held that a deposition taken under the provisions of sec. 7588, Rev. Stat., is admissible in evidence. (*State v. Ireland,* 9 Ida. 686, 75 Pac. 257; *State v. White,* 7 Ida. 150, 61 Pac. 517.) But as to what is necessary to be shown by the state before such deposition is admissible has not been passed upon by this court. We are of the opinion that before a deposition, taken conditionally as provided in sec. 7588, Rev. Stat., can be admitted in evidence, it is necessary for the state to show the following facts which should appear as a part of the deposition or in connection therewith: First, that the deposition was taken before the magistrate who conducted the preliminary examination, or the judge of the court to which such party had been held for trial; second, that it was shown to such magistrate or judge, upon oath, that there was reason to believe that such witness whose deposition was sought would not appear and testify unless security was given; third, that the magistrate or judge made an order requiring such witness to enter into a written undertaking, with sureties, under the provisions of sec. 7585, Rev. Stat. After such facts appear, it may be shown and made to appear to the magistrate or judge by examination on oath of the witness, or any other person, that the witness is unable to procure sureties, whereupon he may be forthwith conditionally examined on behalf of the people under the provisions of sec. 7588, Rev. Stat.

It should further appear that the defendant has been advised of his right to counsel and to be represented by such and the presence of defendant in person and by counsel, if he desired counsel, or after notice to him, if on bail. It must also be shown that the deposition was taken and the examination conducted in the same manner as the examination before a committing magistrate, and certified as required by sec. 7576,

Rev. Stat. Before such deposition is admitted in evidence, the prosecution should further show that the witness is unable to attend by reason of his death, infirmity, sickness, or insanity, or of his absence from the state, and that due diligence has been exercised in an effort to procure the presence of said witness at the trial. When these facts have been shown, the deposition may then be admitted in evidence. These facts were not shown in this case, and the court committed no error in refusing to admit the deposition of said witness in evidence. The order appealed from is affirmed.

Ailshie, C. J., and Sullivan, J., concur.