[No. 20414.   In Bank.—September 22, 1888.]

THE PEOPLE, RESPONDENT, *v.* EDWARD WARD, APPELLANT.

| 77 | 113 |
| 131 | 254 |

DISALLOWANCE OF CHALLENGE — REVIEW. — The disallowance of a challenge for cause in a criminal case is not subject to review.

EVIDENCE ON TRIAL FOR ASSAULT TO ROB — CONDITION OF ACCOMPLICE. — Evidence of the condition in which an accomplice was found on the day after an assault to rob is admissible against the prisoner after evidence tending to connect him with the accomplice.

APPEAL for a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

On the trial, evidence was admitted that Ridgeway, an accomplice of the defendant, was found wounded on the morning after the assault, with pistols in his possession which were covered with blood. The further facts are stated in the opinion.

*W. A. Gray*, and *Oregon Sanders*, for Appellant.

*Attorney-General Johnson*, for Respondent.

HAYNE, C.—The defendant was convicted of an assault with intent to rob.

1. The disallowance of the challenge for cause is not subject to review. (*People* v. *Fong Ah Sing*, 70 Cal. 11.)

The case of *People* v. *Brown*, 72 Cal. 390, is not in conflict with this.

2. The denial of the motion to strike out the evidence of the witness Moore was not error. The testimony went to show a motive for the crime. But if it be conceded that there was error, the evidence was of such an uncertain character that it could not have injured the defendant.

3. The evidence of the condition in which Ridgeway was found the next morning was properly admitted. It tended to show that he committed the assault, and there was evidence tending to connect the defendant with him.

4. The instructions were proper, and the evidence sufficient. The defendant was convicted after a fair trial; and we advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.