(February 24, 1890.)

## TERRITORY v. EVANS.
[23 Pac. 232.]

JURORS — QUALIFICATIONS OF. — A juror must have all the qualifications now prescribed for an elector, and a member of the so-called Mormon church cannot be a juror.

SAME—CHALLENGE IN . CRIMINAL CASES—EXCEPTIONS.—No exception is by statute allowed to an order overruling a challenge to a juror for general cause; hence, such order is not error.

DEPOSITIONS IN CRIMINAL CASES.—Depositions taken in the presence of the accused may be used on trial, when on account of death or other good cause, the presence of the witness cannot be had; our statutes do not forbid such use, nor is it in violation of sixth amendment to the constitution of the United States.

(Syllabus. by the court.)

APPEAL from District Court, Bear Lake County.

Smith & Smith, for Appellant.

A person is not competent to act as a juror if he be not an elector of the county. (Rev. Stats., sec. 3941; *Sampson v.*

*Schaffer,* 3 Cal. 107.) A memorandum or deposition taken before an examining magistrate is not competent evidence against the defendant upon trial. (*State v. Thomas,* 64 N. C. 74; *Jackson v. Commonwealth,* 19 Gratt. 656; *People v. Lambert,* 5 Mich. 349, 72 Am. Dec. 49; *People v. Chung Ah Chue,* 57 Cal. 567.)

Richard Z. Johnson, Attorney General, and Hawley & Reeves, for the Territory.

A decision upon the challenge for actual bias is not the subject of exception or review on appeal. (*People v. Taing,* 53 Cal. 602, 603; *People v. Riley,* 65 Cal. 107, 108, 3 Pac. 413; *People v. Cotta,* 49 Cal. 169.) Where a witness fails to appear at the trial of the cause, but has previously, either on a former trial or at the preliminary examination of the accused, given evidence in the cause, and the defendant has had an opportunity to cross-examine him, his deposition, or proof of the testimony given by him, can be admitted as evidence. (*State v. McO'Blenis,* 24 Mo. 402, 69 Am. Dec. 435; *Summons v. State,* 5 Ohio St. 325; *Sneed v. State,* 47 Ark. 180, 1 S. W. 70; *People v. Riley,* 75 Cal. 98, 16 Pac. 544; *Brown v. Commonwealth,* 73 Pa. St. 321, 13 Am. Rep. 740; *Barnett v. People,* 54 Ill. 325.) All omissions in the bill of exceptions are to be construed against the party presenting it. (*People v. Williams,* 45 Cal. 25; *People v. Marks,* 72 Cal. 47, 13 Pac. 149; *People v. Huff,* 72 Cal. 119, 13 Pac. 168.)

BEATTY, C. J.—The appellant was charged with the offense of resisting an officer. From the judgment rendered upon his conviction thereof he has appealed to this court, and now contends that the trial court erred (1) in admitting as a trial juror a person "who was a member of an organization that taught . . . . its adherents . . . . to commit the crime of bigamy or polygamy"; and (2) in admitting as evidence before the trial jury the depositions of witnesses taken before the committing magistrate.

Must a juror have all the qualifications of an elector? Whether a juror must have the same qualifications now required

of an elector is the question involved in the first assignment of error. Sections 3941 and 3942 of the Revised Statutes together provide that jurors must be citizens of the United States and electors of the county. Sections 500 and 501 require that electors, besides having certain qualifications, must not be members of any "organization which teaches its adherents to commit the crime of bigamy or polygamy." While these statutes seem clearly to exclude as jurors all persons who belong to such "organization," it is contended such a construction will do violence to the legislative will and intention, for which the reasons following are assigned: 1. That when the law first provided a juror should be an elector (Laws, 8th Sess., p. 704), the only qualifications of an elector were citizenship and residence, and, in changing the qualification of electors (13th Sess., p. 106), by requiring they must not belong to said organization, it was not designed to apply this restriction to jurors also; 2. That, if jurors must have all the qualifications of electors, they must also be registered, which, under the operation of the registration law, would often result in the temporary exclusion of good citizens as jurors, who are otherwise qualified electors; and 3. That in some counties in this territory so many of the people are members of such organization that the courts would thus be practically without jurors.

1. The authorities holding that statutes will not be repealed by implication are not applicable to general laws which are in conflict with, and repugnant to, each other. When a general law is in apparent conflict with some prior private or special act, passed for the benefit of some particular interest or municipality, the presumption is indulged that it was not designed by the general to repeal the special law; but no such presumption is entertained in the case of conflicting general statutes. They cannot stand together. There can be no question that the two statutes prescribe different qualifications for electors, and the older must yield to the later. It may be added that the act of the thirteenth session was an election law, and by its last section it not only expressly repealed the former law on the same subject, but also "all acts or parts of acts in conflict with this act," which must be held to exclude any presumption that the legislature did not intend the repeal of all

conflicting statutes. However, the fact that on the eleventh day of January, 1887, the legislature, by one act, swept out of existence all former legislation and laws of Idaho, and enacted a complete revision thereof, now embodied in our Revised Statutes, including sections 3941 and 3942, as they now are, is sufficient answer to all suggestions that the legislature did not intend the statutes as they now read. One of the prime objects of a revision is the elimination of doubt. What is included therein must be construed together as the law, and all that formerly existed, and not included, is clearly repealed. (Rev. Stats., sec. 19.)

2. It is not conceded an elector must be registered to act as a juror. Section 500 says he must be registered to vote. It does not follow that, if he has all the qualifications of an elector, he must be registered, to sit in the jury-box. Registration does not go to his qualification, but is only a precaution to prevent fraud in the election. But, even if the law should be construed that a juror must be registered, it would generally result in only a few being temporarily debarred the privilege of jurors.

3. It is, unfortunately, true that in some counties such a large proportion of the people belong to said "organization" that juries cannot be selected from the mass of the people, and courts may at times find it even inconvenient to procure them. So, also, communities might be found where the qualification of citizenship, or any other general qualification, might result in the same inconvenience. On the contrary, we think the legislature meant to exclude from jury service those belonging to the so-called "Mormon church." By section 501 they are distinctly enjoined from "holding any position or office of honor, trust or profit." Laws are construed in the light of the facts and circumstances under which enacted. We are justified in supposing the lawmaker took notice of the generally admitted fact that the members of that church are more obedient to its teachings, which are antagonistic to the laws of the land, than to the latter. View this question in any light, we are forced to the conclusion that under our laws a juror must have all the qualifications now required of an elector, and that the court should have excluded the juror objected to by appellant.

That this conclusion will lead to inconvenience in some localities may be true, but we cannot change what seems to be a positive and clear statute. If there is any need of a change, we respectfully refer it to the legislative department.

*Exception to Order Overruling Challenge for General Causes:* Respondent insists, however, that, even if the juror was not qualified, the statute does not allow appellant an exception to the order of the court overruling his challenge to such juror. Inconsistent as it may appear, it seems such is the statute. Section 7831 divides causes of challenge to jurors into (1) general, including "a want of any of the qualifications prescribed by law to render a person a competent juror" (section 7832) and (2) particular, which includes implied and actual bias (section 7833). The cause of challenge in this case was a general cause; and the statute in no place provides for or allows an exception to an order overruling such a cause of challenge. Our section 7940 (Cal. Pen. Code, sec. 1170), allows exceptions only in matters of challenge based on implied or actual bias. Here, then, we have a statute which declares a juror disqualified, but provides no remedy to the aggrieved party when the court admits him. On the principle that there is a remedy for all wrongs, we would be inclined to hold that such action of the court is reviewable. But our statute on this subject is an exact copy of that of California, and in adopting their laws we adopt also their construction of them. Partially in point is the case of *People v. Riley,* 65 Cal. 107, 3 Pac. 413, and cases cited, which hold that a defendant is not allowed an exception to the ruling of the court disallowing a "challenge for actual or implied bias," because the statute makes no provision for such exception, but only allows it to the decision of the court "in admitting or rejecting testimony, or in charging the triers in the trial of a challenge to a juror for actual bias." The direct question is decided in *People v. Fong Ah Sing,* 70 Cal. 8-11, 11 Pac. 323, being a cause in which defendant was found guilty of murder. A juror who was not a resident of the county, as required by law, was admitted against defendant's challenge. On appeal it was held this was a general cause of challenge to rulings in which no exception is allowed. The case seems approved in *People v.*

*Ward,* 77 Cal. 113, 19 Pac. 373. We therefore hold the appellant's exception to the order of the court overruling his challenge to the juror is not well taken.

*Depositions may be Used on the Trial*: Was it error to admit in evidence the depositions referred to in the cause? Appellant claims it was, because not permitted by the statute, and contrary to the constitution of the United States. Under the common law, the depositions of witnesses, taken in the presence of the defendant, could be used at the trial of the cause in case of the death or absence of the witness, but it seems they could not be used before the grand jury. Does our statute abrogate the common-law rule, or prohibit the use of depositions? Sections 7576 and 7634 provide for the taking of the depositions, and their use before the grand jury. It seems probable these provisions were designed to procure the testimony of witnesses while it is fresh in their minds, and also in the interest of economy and convenience. The question of testimony before the trial jury was not under consideration. The two questions are not sufficiently relevant that the consideration of one necessarily involves the other. It is evident this legislation referred only to the use of such evidence before the grand jury; for it provides for its use even when the presence of the witness can be procured, which is never permitted in the use of such testimony before the trial jury. The subjects not being relevant, failure to provide for its use before the trial jury does not operate to exclude it. Our statutes expressly establish and recognize the principle of the use of depositions on the trial in certain cases, of the absence or death of the witness. Stats., secs. 7588, 8161.) Then why not in all cases, if not expressly forbidden? Section 8161 provides expressly for the taking of depositions of defendant's witnesses for use on the trial, and the fact that no provision is made therein for taking the deposition of the people's witnesses strongly suggests that it was designed they should not be used. But it does not appear we have abolished the common-law rule on this subject, nor have we directly enjoined the use of such testimony; and it does appear that all the depositions above referred to are taken in the same way, in the presence of the accused, thus justifying the presumption of a like use of all so taken; and section 7864

provides that "the rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code." There is no doubt this is a question relating to "the rules of evidence," nor is there that depositions may be used in civil actions. We think our statute permits their use before the trial jury when duly taken in the defendant's presence, and the witnesses cannot, for good cause, be brought before the court.

*The Use of Depositions not Forbidden by United States Constitution:* It remains to consider whether article 6 of the amendments to the constitution of the United States, providing that the accused must be "confronted with the witnesses against him," absolutely requires the presence of the witnesses at the trial. This question has been discussed time after time in the courts of the states having the same or similar constitutional provisions; and, while the decisions have not been uniform in their conclusions, the weight of authority is that depositions taken in the presence of the defendant, with the right of cross-examination, is being "confronted by the witnesses," and meets the demands of the constitution. Such depositions have been admitted when it appeared the witness was dead. If constitutional in such case, the same justification can be urged for their use in case of absence of the witness. Of the many authorities sustaining this view are *State v. McO'Blenis,* 24 Mo. 412, 69 Am. Dec. 435, a murder case, in which depositions were allowed notwithstanding a constitutional provision that "in all criminal prosecutions the accused has the right to meet the witnesses against him face to face." *Summons v. State,* 5 Ohio St. 340, was a murder case. The constitutional provision was: "In any trial, in any court, the party accused shall be allowed . . . . to meet the witnesses face to face." The testimony of a witness given in a former trial was permitted to be testified to by those who heard it; the witness having in the meantime died. To same effect are *Gilbreath v. State,* 26 Tex. App. 318, 9 S. W. 618; *Sneed v. State,* 47 Ark. 180, 1 S. W. 70, and numerous authorities. Had the depositions been improperly admitted, the appellant has failed to furnish the court such a record as will authorize it to correct the error. Section 8236 is: "Neither a

departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." The appellant has entirely failed to show us he was prejudiced in the least by the alleged error of permitting the use of the depositions. That the court may judge whether they were detrimental to appellant, he should have brought them here, which he has failed to do. It is not enough for appellant to show error. He must, under our statute, show damaging error. Under the plain provision last noted, we do not need the guide of other courts to lead us to this conclusion; but in harmony with it are *People v. Brotherton,* 47 Cal. 388, *People v. Leong Sing,* 77 Cal. 117, 19 Pac. 254, and cases cited, and *People v. Olsen,* 80 Cal. 122, 22 Pac. 126. The judgment in this cause should be and is affirmed.