(May 26, 1899.)

## STATE v. POTTER.

### [57 Pac. 431.]

CRIMINAL PRACTICE—EVIDENCE—DEPOSITIONS ON PRELIMINARY EXAMINATIONS.—The admission as evidence, upon the trial of a person charged with a criminal offense, of the depositions of witnesses taken on the preliminary examination of such person upon such charge is not permissible under the statutes of Idaho. The Penal Code having prescribed the cases in which depositions taken on preliminary examinations may be used, the court is not authorized to extend the rule to cases other than so prescribed by statute.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

S. L. McFarland and George W. Tannahill, for Appellant.

The court committed a serious error in admitting in evidence over defendant's objection, an alleged deposition of one M. Wells. The deposition was not shown to have been taken in the preliminary examination of defendant upon said charge or in any other judicial proceeding and so far as appears upon its face it may have been taken *ex parte.* It was not certified or authenticated as required by law and was clearly inadmissible. (Idaho Rev. Stats., sec. 7576; *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731; *Williams v. Chadbourne,* 6 Cal. 559; *People v. Morine,* 54 Cal. 575; *People v. Ward,* 105 Cal. 652, 39 Pac. 33; *People v. Bojorquez,* 55 Cal. 463; *Pooler v. State,* 97 Wis. 627, 73 N. W. 336; *State v. Lee,* 13 Mont. 248, 33 Pac. 690; *People v. Chung Ah Chue,* 57 Cal. 567.) A deposition not certified by the magistrate otherwise than by a jurat in the ordinary form is not admissible. (*People v. Qurise,* 59 Cal. 343; *People v. Gardner,* 98 Cal. 127, 32 Pac. 880; *People v. Mitchell,* 64 Cal. 85, 27 Pac. 862; *People v. Cunningham,* 66 Cal. 668, 4 Pac. 1144, 6 Pac. 700, 846.) Had it been duly certified and authenticated it was inadmissible for the reason that no proper foundation had been laid or shown for its admission. (Idaho Rev. Stats., sec. 8170; *State v. Cleary,* 40 Kan. 287, 19 Pac. 776; *State v. Hunsaker,* 16 Or. 497, 19 Pac. 605; *People v. Lee Sare Bo,* 72 Cal. 623, 14 Pac. 310.) The deposition of one R. E. Goodwin was admitted and read in evidence over defendant's objection. The deposition of defendant read in evidence was more objectionable than either of the others. In fact, only a few extracts of what was alleged as his deposition were read to the jury. It was not identified or attempted to be identified in any manner, and, for aught that appears to the contrary, may have been taken *ex parte* and even in a matter or proceeding entirely foreign to the charge. It is needless to add that the admission of this matter was prejudicial to defendant, for its purpose and effect is seen at a glance. (*People v. Hawley,* 111 Cal. 78, 43 Pac. 404; *State v. Cleary,* 40 Kan. 287, 19 Pac. 776; *State v. Hunsaker,* 16 Or. 497, 19 Pac. 605; *State v. Stevens,* 29 Or. 85, 43 Pac. 947; *State v. Pugh,* 16 Mont. 343, 40 Pac. 861; *People v. Chung Ah Chue,* 57 Cal. 567.)

S. H. Hays, Attorney General, and James W. Reid, for Respondent.

In regard to the depositions which were taken before the magistrate and introduced on the trial, defendant objecting to them for informality, we call the attention of the court to the fact that the depositions were shown to have been taken at the preliminary hearing in this case and after correction where admitted in evidence. As printed in the transcript they are not corrected as to the certificate, as the records show they should be. As corrected they were entitled to be admitted. It will be noticed that they were only introduced in evidence after the correction was directed by the trial court. A proper foundation was laid for the introduction of the depositions. (*People v. Riley,* 75 Cal. 98 (101), 16 Pac. 544; *People v. Nelson,* 85 Cal. 421 (426), 24 Pac. 1006; *People v. Ressell,* 2 Hill, 289; *State v. Johnson,* 12 Nev. 121; *People v. Oiler,* 66 Cal. 101, 4 Pac. 1066; 1 Bishop's Criminal Procedure, sec. 1194.)

HUSTON, C. J.—The defendant was convicted of assault with intent to commit rape, and from the judgment of conviction and the order denying defendant's motion for a new trial this appeal is taken. Appellant assigns several errors in the admission of evidence, but we do not think the rulings of the trial court thereon were erroneous, or, if erroneous, that they could have been in any way prejudicial to the defendant.

The prosecution offered in evidence certain depositions taken upon the preliminary examination of defendant before the magistrate, which were objected to by defendant, upon the ground that they were not taken and certified as required by section 7576 of the Revised Statutes. These depositions are set forth in the record. There is nothing to indicate that they were taken on a preliminary examination of the defendant, and to one of them—the deposition of M. Wells—there is no certificate, except the jurat in the ordinary form. The court permitted the justice of the peace to add certificates to the depositions after they were offered in evidence. There does not appear to have been anything that could be called diligence

manifested on the part of the state in endeavoring to procure the attendance of either of the witnesses.

The objection on the part of the defendant to the introduction of the depositions taken at the preliminary examination of the defendant, upon the trial in the district court, raises a very important question, and one which requires, and has received, much and careful investigation at the hands of the court. The first question that confronts us is, Are depositions of witnesses, taken upon the preliminary examination of the person charged with a criminal offense, admissible as evidence against such person upon his trial for the offense? It seems to be conceded by both parties in this case that they are; but we find no authority for the admission in the statutes of Idaho. The use by the grand jury of the depositions of witnesses taken upon a preliminary examination has been recognized by statute ever since the act of the first session of the territorial legislature, but we find no statute of either the territory or state permitting or authorizing the use of such depositions on the trial. The Revised Statutes, title 10, chapter 4, provides for the taking of depositions of witnesses on the part of the defendant, and also provides that the depositions so taken "may be read by either party on the trial, upon its appearing that the witness is unable to attend by reason of his death, insanity, sickness or infirmity or his continued absence from the territory [state]." It is further provided (Rev. Stats., tit. 10, c. 5, sec. 8176) : "When an issue of fact is joined upon an indictment, the defendant may have any material witness residing out of the territory [state] examined in his behalf as prescribed in this chapter and not otherwise." Section 8189 provides that the depositions so taken "may be read by either party on the trial, upon it being shown that the witness is unable to attend from any cause whatever"; but there is no provision of our Revised Statutes permitting the use of the depositions taken on a preliminary examination to be used against the defendant upon his trial. The legislature seemed to consider it necessary to authorize by statute the taking of depositions on the part of the defendant, to be read on the trial. Without the aid of such a statute, would it be

contended that depositions on the part of the defendant could be read in evidence on the trial? If it required a statute to authorize the admission of depositions in favor of the defendant, it certainly would not be contended that depositions against him should be received without equal authority. It is true that the framers of our constitution saw fit to omit from that instrument the usual provision which obtains in not only the federal constitution, but in that of most of the states, providing that in all criminal prosecutions the defendants shall be confronted with the witnesses against him. Doubtless this omission was made advisedly, and the effect was to leave the matter with the legislature. The legislature has acted upon the question, and has prescribed how and to what extent depositions taken on the preliminary examination of a defendant upon a criminal charge may be used, and we do not think it is the province of the court to extend the rule. It is true the practice of admitting depositions taken at the preliminary examination to be read in evidence on the trial has obtained in both the territory and state for a long time, and has even received the sanction of the supreme court of the territory (*Territory v. Evans,* 2 Idaho, 651, 23 Pac. 232); but a practice which wants the authority of law, and which is in derogation of a recognized elementary right of the citizen, should gain no sanctity by user.

Our natural repugnance to overruling a decision of our honorable predecessors is modified somewhat by the reflection that the court in that case (*Territory v. Evans, supra*) does not seem to be inspired with that unfaltering confidence in the correctness of its conclusions which is so assuring in the decisions of courts of last resort. In that case, the court says: "Had the depositions been improperly admitted, the appellant has failed to furnish the court such a record as will authorize it to correct the error"; and then adds, after citing section 8236 of the Revised Statutes: "The appellant has entirely failed to show us he was prejudiced in the least by the alleged error of permitting the use of the depositions." We have examined with care the cases cited in the case of *Territory v. Evans,* and, while they support that decision, we are unable to

agree with either the reasons urged or the conclusion reached. We fail to recognize the potency of the argument upon which these decisions largely depend, that the constitutional requirement has been met by the defendant having been "confronted with the witnesses against him" upon the preliminary examination. When we recall, as every lawyer who has any extended experience in criminal law practice may do, how very perfunctory these preliminary examinations are, not only on the part of the prosecution, but more frequently, of necessity, on the part of the defendant, the uncharitableness of the rule is apparent. It is always the policy of the prosecution, on preliminary examinations, to only carry its investigations to the extent necessary to secure the holding of the defendant; and it is seldom that the defendant feels warranted in going fully into his defense upon a preliminary examination before a court, where it is only required that it shall be made to appear that the offense named has been committed, "and that there is sufficient cause to believe the defendant to have been guilty thereof." To say that the exigency of that rule of universal recognition among people of the Anglo-Saxon race, and in this country, may almost be said to be an inalienable right, which requires that a person charged with the commission of a criminal offense shall be confronted with his accusers, is met by such a tentative proceeding as a preliminary examination usually is, seems to us "keeping the word of promise to the ear and breaking it to the hopes." It smacks too much of the methods in the Dreyfus case. An examination of the record in this case shows the evidence to be conflicting, and, but for the errors in law referred to, we would not feel warranted in reversing the judgment. We consider the permitting the depositions taken on the preliminary examination of the defendant to be read on the trial was prejudicial error, and for this reason the judgment of the district court is reversed, and the cause remanded for further proceeding in accordance with this opinion.

Quarles and Sullivan, JJ., concur.