(May 23, 1900.)

## STATE v. WHITE.

[61 Pac. 517.]

CRIMINAL LAW—EVIDENCE—DEPOSITION—INSTRUCTIONS.—It is not error to admit in evidence a deposition taken under the provisions of section 7588 of the revised statutes in a criminal case. In a trial for assault with intent to murder, the neglect of the trial court to instruct the jury that they may find the defendant guilty of any lower offense included within the main charges cannot be sustained as error, where the record does not show that such a charge was requested by defendant. *People v. Biles*, 2 Idaho, 103, 6 Pac. 120, affirmed.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

George W. Tannahill and James W. Reid, for Appellant.

The court committed a serious error in admitting in evidence over defendant's objection an alleged deposition of Joseph Whitaker, the prosecuting witness. The statute never intended that a defendant should be prosecuted upon depositions of the prosecuting witness. The deposition was inadmissible for any purpose. (*State v. Potter*, 6 Idaho, 584, 57 Pac. 431; *People v. Morine*, 54 Cal. 575; *People v. Bojorquez*, 55 Cal. 463; *Pooler v. State*, 97 Wis. 627, 73 N. W. 336; *State v. Lee*, 13 Mont. 248, 33 Pac. 690; *People v. Ah Chune*, 57 Cal. 567.) There was nothing like diligence shown to have been used on the part of the state in its efforts to procure the attendance of the prosecuting witness, Joseph Whitaker. (Idaho Rev. Stats., sec. 8170; *State v. Cleary*, 40 Kan. 287, 19 Pac. 776; *State v. Hunsacker*, 16 Or. 497, 19 Pac. 605; *People v. Lee Sare Bo*, 72 Cal. 623, 14 Pac. 310.)

Samuel H. Hays, Attorney General, for the State.

Section 7588 of the Revised Statutes gives the defendant a fair opportunity, after due notice, to thoroughly and fully examine the witnesses, and this case is therefore not within the reason of the Potter case. The provision of the sixth amend-

ment to the constitution of the United States requiring the defendant to be confronted with witnesses has no application to trials in state courts. (*Ryan v. People,* 21 Colo. 119, 40 Pac. 775.) It is true that the defendant might have been found guilty of several lesser offenses under this indictment, but it does not appear in the record that he called the court's attention to this fact, or that he asked an instruction on this point, as he might have done, and it was not the duty of the court necessarily to give such an instruction of his own motion. (*People v. Biles,* 2 Idaho, 114, 6 Pac. 120; *People v. Ah Wee,* 48 Cal. 236; *People v. Haun,* 44 Cal. 96.)

HUSTON, C. J.—The defendant was convicted of an assault with intent to commit murder. This appeal is from the judgment of conviction, and from the order overruling defendant's motion for a new trial. Some twenty assignments of error are urged.

The first is that the court erred in overruling defendant's motion for a continuance. The granting of a continuance is largely in the discretion of the trial court, and, as the record in this case does not contain the ground upon which the motion was predicated, we cannot say that there was an abuse of discretion.

The second, third, fourth, and fifth assignments of error refer to the deposition of Joseph Whitaker, the party upon whom the alleged assault was committed. This deposition was taken under the provisions of section 7588, of the Revised Statutes. The defendant was present at the taking of the deposition, in person and by counsel, who cross-examined the witness on behalf of defendant at length. The deposition was taken—the examination had—before the judge of the trial court. It is contended by counsel for defendant that the admission in evidence of the deposition in this case was error, under the decision of this court in *State v. Potter,* 6 Idaho, 584, 57 Pac. 431. In that case we held that the admitting in evidence of the depositions taken on the preliminary examination of the person charged was not permissible, under our statutes, while section 7588, above referred to, makes provision for the taking of the testimony of a witness in a case like the one we are considering.

Neither the letter nor the reasoning in *State v. Potter,* 6 Idaho, 584, 57 Pac. 431, apply to this case. If the contention of counsel for defendant is to obtain, then section 7588 of the Revised Statutes is a delusion and a snare, and can only serve the purpose of enabling the guilty to escape punishment.

Defendant's contention that the court erred in not charging the jury that they might find defendant guilty of any of the lesser offenses included in the charge of assault with intent to murder is settled by this court in *People v. Biles,* 2 Idaho, 103, 6 Pac. 120.

We have examined the instructions given and refused by the court, and find no error therein prejudicial to the defendant. The judgment of the district court is affirmed.

Quarles and Sullivan, JJ., concur.