486 P.2d 257

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Trinidad Larrea VILLARREAL, aka Trinidad or Juan Trejo, Defendant-Respondent.**

**No. 10571.**

Supreme Court of Idaho.

June 25, 1971.

---

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., Boise, and Gordon S. Nielson, Pros. Atty., Cassia County, Burley, for plaintiff-appellant.

James Annest, Burley, for defendant-respondent.

SHEPARD, Justice.

This is an appeal by the State from a ruling of the trial court which denied the admission of certain evidence during a trial of the defendant-respondent on a felony charge. Such an appeal is authorized under the provisions of I.C. § 19–2804.

Defendant Villarreal was charged with the crime of assault with a deadly weapon with intent to commit murder. At a preliminary hearing one Felix Roman, an eye witness to the shooting, was called as a witness and gave testimony. The defendant was bound over for trial before the district court. At the outset of the trial the State attempted to place in evidence the preliminary hearing testimony of Roman. As shown by an affidavit of an attending physician, Roman was hospitalized with a heart ailment and was unable to appear at trial. Roman in fact later died. The trial court refused to admit the preliminary hearing testimony of Roman and this appeal results.

Almost the entire thrust of the State's argument is based on the relatively recent United States Supreme Court case of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). We do not agree that the matter at issue is governed by *Green*. The court in *Green* was faced with a completely different factual pattern than is set forth in the case at bar. In *Green* the State sought to introduce at trial the preliminary hearing testimony of a witness. The purpose of the introduction of that testimony was primarily for the purpose of impeaching or refreshing the memory of the same witness who was present at trial, testified and was cross-examined. The court in *Green* stated:

"It is, of course, true that the out-of-court statement may have been made under circumstances subject to none of these protections. But if the declarant is present and testifying at trial, the out-of-court statement for all practical purposes regains most of the lost protections. * * *

"Second, the inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial. * * *

"We have no occasion in the present case to map out a theory of the Confrontation Clause that would determine the validity of all such hearsay 'exceptions' permitting the introduction of an absent declarant's statements. For where the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." 399 U.S. 149, 158–162, 90 S.Ct. 1930, 1935–1937.

The court therein discussed the case of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). It was pointed out in *Barber*:

"The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion

for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." 390 U.S. 719, 725, 88 S.Ct. 1318, 1322.

It is true that the court in *Green* unfortunately indulged in what appears to be dictum in that after discussing the merits of the case it then went on to discuss whether or not the preliminary hearing testimony of the witness might have been admissible if he were not in fact present at trial and available for cross-examination. We note, however, that Mr. Chief Justice Burger specially concurred in *Green*, stating:

"I add this comment only to emphasize the importance of allowing the States to experiment and innovate, especially in the area of criminal justice. If new standards and procedures are tried in one State their success or failure will be a guide to others and to the Congress." 399 U.S. 149, 171, 90 S.Ct. 1930, 1941.

We conclude therefore that while the admission of the prior testimony of a declarant who is present and available for cross-examination at trial is not offensive to the Confrontation Clause of the United States Constitution, a different question is presented when the declarant is not present. As pointed out by the Chief Justice, there is room for a difference of opinion as between the states and perhaps the federal government as to which is the more desirable policy to be followed. Our State has had some early experience with the question: first, in Territory v. Evans, 2 Idaho 651, 23 P. 232 (1890), and later in State v. Potter, 6 Idaho 584, 57 P. 431 (1899), in which Territory v. Evans, supra, was overruled.

Although State v. Potter, supra, is not completely on all fours with the case at bar, the language contained therein is remarkably similar to the language of the United States Supreme Court and leaves little doubt as to the status of the rule in Idaho, at least up until the present case. *Potter* also involved the admission of a witness' testimony taken at a preliminary hearing who was not present at trial. The court in *Potter* said:

"When we recall, as every lawyer who has any extended experience in criminal law practice may do, how very perfunctory these preliminary examinations are, not only on the part of the prosecution, but more frequently, of necessity, on the part of the defendant, the uncharitableness of the rule is apparent. It is always the policy of the prosecution, on preliminary examinations, to only carry its investigations to the extent necessary to secure the holding of the defendant; and it is seldom that the defendant feels warranted in going fully into his defense upon a preliminary examination before a court, where it is only required that it shall be made to appear that the offense named has been committed, 'and that there is sufficient cause to believe the defendant to have been guilty thereof.' To say that the exigency of that rule of universal recognition among people of the Anglo-Saxon race, and in this country, may almost be said to be an inalienable right, which requires that a person charged with the commission of a criminal offense shall be confronted with his accusers, is met by such a tentative proceeding as a preliminary examination usually is, seems to us 'keeping the word of promise to the ear and breaking it to the hopes.' It smacks too much of the methods in the Dreyfus case." 6 Idaho 584, 589, 57 P. 431, 432.

We further note that our contemporary statutes have not been changed by the legislature in the intervening years since *Potter* to change the policy enunciated in *Potter*. We hold therefore that the ruling of the trial court herein was correct.

McQUADE, C. J., and McFADDEN, DONALDSON and SPEAR, JJ., concur.