■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS NUCCI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered November 5, 1984, convicting him of attempted murder in the first degree, attempted murder in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's claim of error with respect to the hearing court's determination that law enforcement officials properly seized the vehicle parked in front of the defendant's motel room after arresting him, is without merit. The record reveals that upon his arrest, the defendant, after waiving his rights, responded to a police inquiry as to the location of certain guns involved in an armored car robbery and shooting by admitting that they were in the trunk of the car. Hence, the police had probable cause to believe that the automobile contained evidence of a crime and were entitled to seize the vehicle *(see, People v Orlando,* 56 NY2d 441; *People v Beasley,* 159 AD2d

712; *People v Wright,* 140 AD2d 656; *People v Bacalocostantis,* 121 AD2d 812).

The defendant contends that the People failed to prove beyond a reasonable doubt that at the time of the shooting he had the intent to kill the police officer. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the first degree. The jury was entitled to find that the defendant intended to murder the police officer, rather than to merely inflict serious physical injury upon him, based on the testimony that the defendant fired several shots at the officer's head while positioned in a combative stance *(see, People v Torres,* 149 AD2d 747; *People v Deresky,* 137 AD2d 704; *People v Ciola,* 136 AD2d 557; *People v Rodriguez,* 121 AD2d 409). Nor do we find any merit to the defendant's claim that the complaining police officer's testimony was incredible. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The trial court properly permitted the People to read into evidence the preliminary hearing testimony of a missing witness pursuant to CPL 670.10. At the hearing regarding the admissability of this testimony, two detectives testified as to their extensive efforts to locate the witness, and the witness's mother confirmed that her son was indeed reluctant to testify because he had been threatened, and she refused to provide any information as to her son's whereabouts. Under the circumstances, the court was warranted in concluding that the People had exercised due diligence in attempting to locate the witness, and that the witness was deliberately absenting himself in order to avoid testifying *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v Ayala,* 142 AD2d 147, *affd* 75 NY2d 422; *People v Nettles,* 118 AD2d 875). The defendant's further challenge to the admission of this testimony at trial on the ground that the cross-examination of the missing witness at the preliminary hearing was inadequate inasmuch as it did not include any inquiry regarding certain prior statements made by the witness to law enforcement

officials, is similarly unavailing. In fact, the cross-examination of the witness was remarkable for its thoroughness, as the Judge presiding over the preliminary hearing noted. Moreover, inasmuch as the witness's prior statements to the police were not inconsistent with the testimony elicited at the preliminary hearing, it cannot be said that the cross-examination at the preliminary hearing was insufficient. As the Court of Appeals observed in *People v Arroyo* (54 NY2d 567, 574, *supra*), "since parties, at times—for tactical or other reasons—may, as with a live witness at trial, choose not to cross-examine, it [is] only a fair opportunity to do so which had to have been provided when the former testimony was given".

We have considered the defendant's remaining contentions, including those contained in the supplemental *pro se* brief, and find them to be without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.