840 P.2d 400

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kathy Jo RICKS, Defendant–Appellant.**

**No. 19433.**

Court of Appeals of Idaho.

Oct. 28, 1992.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender, for appellant. Richard D. Toothman argued.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent. Michael A. Henderson argued.

SWANSTROM, Judge.

Kathy Jo Ricks conditionally pled guilty to possession of a controlled substance, cocaine. I.C. § 37–2732. She reserved the right under I.C.R. 11 to appeal the issue of whether the court erred in ruling that the state could introduce, at trial, the preliminary hearing testimony of an unavailable witness. We affirm.

Ricks filed a motion in limine in which she sought to exclude at trial the testimony previously given by the arresting

officer at the preliminary hearing in the magistrate division. The officer, who was the only witness to testify at the preliminary hearing, was killed in an automobile accident two days after the hearing. Had the state been barred from using the preliminary hearing testimony of the arresting officer, it would have been unable to prove its case at trial before the district court.

To support her contention that the court erred in denying her motion in limine, Ricks relies on the most recent case from the Supreme Court dealing with this issue, *State v. Elisondo*, 114 Idaho 412, 757 P.2d 675 (1988), which disallowed the use of preliminary hearing testimony at a later trial.

The majority opinion in *Elisondo* makes it clear that the confrontation clause of the United States Constitution is not a barrier to the use of preliminary hearing evidence at trial. The four justices in the majority were of one mind in relying on state "policy considerations" as the primary basis for overruling a previous opinion of the Court of Appeals in *Elisondo* and its own decision in *State v. Mee*, 102 Idaho 474, 632 P.2d 663 (1981).

Earlier Supreme Court decisions holding that preliminary hearing testimony could not be used at trial in Idaho had relied on the conspicuous absence of any legislation authorizing the use of such testimony at trial. In *Elisondo*, the Court announced that there were "policy considerations which may dictate the need to prohibit the admission of preliminary testimony of a witness." 114 Idaho at 413, 757 P.2d at 677. The Court, quoting extensively from Justice Shepard's dissent in *Mee*, noted that a preliminary hearing is an abbreviated proceeding with a limited function which provides "little reason to cross-examine prosecution witnesses" and operates under time constraints which do not lend themselves to preparation for more in-depth examination. *Id.* The Court did not adopt any standards or test which might be applied to the facts of each case, allowing the preliminary hearing testimony to be used at trial in some cases. Rather, the "policy considerations" announced by the Court in

*Elisondo* amounted to a *per se* rule against the use of preliminary hearing testimony in all cases.

The state contends, however, that *Elisondo* has been effectively overruled by a recent statute, I.C. § 9–336. We can readily agree that we must look beyond *Elisondo* to answer the questions raised in this appeal. Two events make *Elisondo* the starting point of our analysis rather than the final destination.

The first event was the adoption by our Supreme Court of the Idaho Rules of Evidence, specifically, Rule 804(b)(1). Although adopted in January, 1985, the rules did not become effective until July 1, 1985. Because the trial in *Elisondo* occurred in June, 1985, I.R.E. 804(b)(1) was not applicable; indeed, in *Elisondo*, which was issued June 8, 1988, the majority opinion did not even acknowledge the existence of the rule. However, Rule 804(b)(1) now provides generally that former testimony may qualify as an exception to the hearsay rule if certain requirements are met:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

Although the rule was not discussed in the majority opinion in *Elisondo*, in his dissenting opinion Justice Bakes discussed the import of Rule 804(b)(1) and suggested that the majority decision impliedly repealed it. *Elisondo*, 114 Idaho at 430, 757 P.2d at 693 (Bakes, J., dissenting).

The second event affecting the continued vitality of *Elisondo* is the quick reaction by the Idaho Legislature to the *Elisondo* decision, resulting in the enactment of I.C. § 9–336, effective July 1, 1989. The new stat-

ute appears in 1989 Idaho Sess.Laws, Ch. 51 at 63–64. The lengthy statement of public policy contained in the Act may be more important than the statute itself. We quote the entire Act as follows:

## AN ACT

RELATING TO EVIDENCE; TO PROVIDE LEGISLATIVE FINDINGS; AMENDING CHAPTER 3, TITLE 9, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 9–336, IDAHO CODE, TO PROVIDE THAT CERTAIN EVIDENCE ENTERED AT THE PRELIMINARY HEARING CAN ALSO BE USED AT TRIAL IF THE SOURCE OF THE EVIDENCE IS NOT AVAILABLE AT THE TIME OF THE TRIAL.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. The legislature is aware of the case of *State v. Elisondo*, 114 Idaho 412, 757 P.2d 675 (1988), which overrules the earlier case of *State v. Mee*, 102 Idaho 474, 632 P.2d 663 (1981). In the Elisondo case, the court held that the admission of the preliminary hearing testimony ·of an unavailable witness in the subsequent criminal trial violates the public policy of the State of Idaho. It is the legislature of the State of Idaho that declares what the public policy of the state shall be. In examining those considerations, it is the opinion of the legislature that the admission of previously recorded testimony of a preliminary hearing should be admissible under the safeguards contained within section 9–336, Idaho Code. The legislature finds that it is against public policy to adopt a per se rule excluding preliminary hearing testimony from a subsequent criminal proceeding. The legislature finds that such an exclusion provides an incentive to a criminal defendant to take steps to prevent a witness from testifying at trial. It is the policy of the state that all relevant and admissible evidence should be usable in criminal proceedings.

SECTION 2. That Chapter 3, Title 9, Idaho Code, be, and the same is hereby amended by the addition thereto of a *NEW SECTION*, to be known and designated as Section 9–336, Idaho Code, and to read as follows:

9–336. EVIDENCE FROM PRELIMINARY HEARING—ADMISSION—REQUIREMENTS. Prior to admitting into evidence recorded testimony from a preliminary hearing, the court must find that the testimony offered is:

1. Offered as evidence of a material fact and that the testimony is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

2. That the witness is, after diligent and good faith attempts to locate, unavailable for the hearing; and

3. That at the preliminary hearing, the party against whom the admission of the testimony is sought had an adequate opportunity to prepare and cross-examine the proffered testimony.

Approved March 27, 1989.

■ Our Supreme Court has stated that "[t]he public policy of a state is to be found in its constitution and statutes." *Boise–Payette Lumber Co. v. Challis Independent School Dist.*, 46 Idaho 403, 408, 268 P. 26, 27 (1928) (citations omitted). The Court has also stated that although public policy is usually found in the constitution or statutes, "where it is found in neither it is sometimes set forth by judicial decision." *Stearns v. Williams*, 72 Idaho 276, 287, 240 P.2d 833, 840 (1952) (citations omitted). It follows that, ordinarily, where public policy has been pronounced in a judicial decision, a subsequent statute declaring a different policy position controls. It is clear from the legislative intent that the legislature decided to enact I.C. § 9–336 based upon its own view of what the public policy of this state should be. The statute became effective on July 1, 1989, so it unquestionably applies to the present case. It fills the void of a legislative authorization for the use of the preliminary hearing testimony of an absent witness, a matter of major concern to our Supreme Court for many years. *See State v. Potter*, 6 Idaho

584, 57 P. 431 (1899); *State v. Villarreal,* 94 Idaho 246, 486 P.2d 257 (1971).

Ricks contends, however, that I.C. § 9-336 is null and void because it conflicts with I.R.E. 804(b)(1) and because of the mandate of *State v. Currington,* 108 Idaho 539, 700 P.2d 942 (1985). Ricks relies upon the principle in *Currington* that, "where conflict exists between statutory criminal provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail." 108 Idaho at 541, 700 P.2d at 944 (citations omitted). More recently, in *State v. Zimmerman,* 121 Idaho 971, 974, 829 P.2d 861, 864 (1992), our Supreme Court said:

> The trial court should not have considered the admission of the out-of-court statements under I.C. § 19-3024. To the extent that this statute attempts to prescribe the admissibility of hearsay evidence and is in conflict with the Idaho Rules of Evidence, it is of no force or effect. I.R.E. 802 ("Hearsay is not admissible except as provided by these rules or other rules promulgated by the Supreme Court of Idaho."); I.R.E. 1102 ("Statutory provisions and rules governing the admissibility of evidence, to the extent they are evidentiary and to the extent that they are in conflict with applicable rules of Idaho Rules of Evidence, are of no force or effect.").

However, Ricks has failed to demonstrate, and we cannot see, how I.C. § 9-336 and Rule 804(b)(1) are inconsistent. Both allow the use at trial of the preliminary hearing testimony of a witness who, at the time of trial, is shown to be unavailable. Moreover, the statute is consistent with the inherent policy of I.R.E. 402 ("All relevant evidence is admissible except as otherwise provided by these rules or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible."). Nevertheless, to the extent that the rule places greater strictures upon the use of such evidence than does the statute, the rule must govern. *State v. Currington, supra; State v. Zimmerman, supra.*

If there is presently any absolute bar to the use of preliminary hearing testimony at trial, it results neither from the confrontation clause of the United States Constitution, nor by virtue of any conflict between Rule 804(b)(1) and I.C. § 9-336. Rather, the problem lies now with the conflict between the policy enunciated by our Supreme Court in *Elisondo* and the subsequent clear statement of policy by our legislature. Ultimately, this conflict will have to be resolved by our Supreme Court because both policies speak to the question of what evidence will be admissible in a criminal trial. However, we cannot predict the outcome simply by looking to I.R.E. 1102 and to *Elisondo.* New factors now need to be considered. The right of confrontation, thought to be a problem in *Potter* and *Villarreal,* has since been addressed by the Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); and our own Supreme Court apparently agrees that the right of confrontation is no longer a basis for excluding the prior testimony of an absent witness because, in *Elisondo,* the Court noted that *this* issue had been decided correctly in *Mee.*

The other long-standing basis for excluding the preliminary hearing testimony is now also gone because, as a direct result of the *Elisondo* decision, the absence of legislative authorization for the use of such evidence has been met by the enactment of I.C. § 9-336. We must believe that if the absence of a legislative policy was thought to be so important earlier, our Supreme Court will not lightly disregard this clear statement of public policy simply because it involves evidentiary matters. After all, the legislature's stated policy is not inconsistent with the Court's own evidentiary rules, including I.R.E. 402.

The final new factor here, which was not present in *Elisondo,* is the applicability of I.R.E. 804(b)(1). Although the Court could ignore the rule in *Elisondo,* the rule has not disappeared and it contains its own statement of policy coming from the Court itself which is consistent with I.C. § 9-336. Moreover, *Zimmerman* states that only a statute which "attempts to prescribe the admissibility of hearsay evidence *and is in*

*conflict with the Idaho Rules of Evidence* ... is of no force or effect." 121 Idaho at 974, 829 P.2d at 864 (emphasis added). Accordingly, we conclude that if the requirements of I.R.E. 804(b)(1) and I.C. § 9–336 are satisfied, then the use of the evidence from the preliminary hearing in this case must be allowed and we must affirm the district court.

Although Ricks fails to expressly argue that the requirements of I.C. § 9–336 have not been met, we will discuss them briefly. The first requirement of I.C. § 9–336 is that the testimony be offered as evidence of a material fact and that the testimony be more probative than any other evidence the proponent can reasonably procure. The state and Ricks stipulated that the arresting officer testified under oath at the preliminary hearing. The parties also stipulated that the since-deceased arresting officer was the only officer present when he stopped Ricks, arrested her, took the evidence into custody, and that the officer's preliminary hearing testimony was material and more probative than any other evidence. The evidence is highly relevant; the state's case would have been eviscerated had Ricks's motion in limine been granted.

The second requirement of I.C. § 9–336 is indisputably met due to the unexpected death of the arresting officer. The third and final requirement of the statute is that the non-proponent party have an adequate opportunity to prepare and cross-examine during the testimony at the preliminary hearing. Ricks was arrested on April 6, 1990, the police reports were received by defense counsel April 18, and her preliminary hearing was held one week later on April 25. The district court implicitly determined that the third requirement of I.C. § 9–336 was met. We agree.

Finally, Ricks contends that the requirements of Rule 804(b)(1), which override the requirements of I.C. § 9–336, have not been satisfied by the state. As with the statute, Ricks does not dispute that two requirements of Rule 804(b)(1) were met: the officer gave sworn testimony at the preliminary hearing and was unavailable as a witness at trial. The only contested element of the rule was whether there was "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

■ The "opportunity" requirement of the rule is no different from the same requirement in the statute, which we have already discussed. We would only add here that the Idaho Criminal Rules relative to preliminary hearings provide that "[t]he finding of probable cause shall be based upon substantial evidence on every material element of the offense charged; .... The defendant shall be entitled to cross-examine witnesses produced against him at the hearing and may introduce evidence in his own behalf." I.C.R. 5.1. In *Elisondo*, the Supreme Court noted that I.C.R. 5.1 requires preliminary hearings to be conducted within certain time frames limiting defense counsel's opportunity to prepare for thorough cross-examination of witnesses. The rule also provides, however, that with the consent of the defendant, upon a showing of good cause, the time limits may be extended.

Our Supreme Court's view of the practicalities of how preliminary hearings are conducted are widely shared by other courts, including the federal courts which have applied the Federal Rule of Evidence that is identical to I.R.E. 804(b)(1). Nevertheless, in discussing the element of "opportunity" under the federal rule, one noted authority stated:

Defense counsel faced with the testimony of a witness [at a preliminary hearing] realizes that to the extent his interrogation attempts to discredit the witness by attacking, for example, powers of observation or showing bias, the effort is extremely unlikely to affect the result. Moreover, counsel tactically might prefer to spring such matters for the first time at trial. Finally in practice discovery to which the defendant is ultimately entitled will frequently be incomplete or even nonexistent at the time of the preliminary hearing.

Nevertheless, determination of the adequacy of opportunity to conduct

meaningful cross-examination focuses primarily not on the practical realities facing counsel at the preliminary hearing or any other hearing but rather upon the scope and nature of the opportunity for cross-examination permitted by the court. Accordingly a decision by counsel not to cross-examine at any prior hearing or to do so only to a limited extent, no matter how much practical sense the decision makes, does not appear to affect adequacy of opportunity.

M. Graham, FEDERAL PRACTICE AND PROCEDURE: Evidence § 6793 at 786–87 (Interim Edition 1992) (footnotes and citations omitted).

There is no indication in the record that counsel's opportunity to cross-examine was curtailed in any way by the magistrate. Whether counsel chose to utilize that opportunity fully is more a matter of tactics or strategy than opportunity. We conclude that the district court did not err in deciding that Rick's counsel had an opportunity to develop the testimony by cross-examination at the preliminary hearing.

■ Ricks's principal argument focuses on motive. In the district court, relying on the Supreme Court's decision in *Elisondo*, Ricks filed a motion in limine to exclude the use of the preliminary hearing transcript at trial. The district court denied the motion. In a memorandum decision the court noted that, following *Elisondo*, the legislature expressly authorized use of the testimony at trial and that the statute had not been challenged by Ricks and presumptively it was constitutional; Ricks did not contend otherwise. Ricks then moved for reconsideration, asking the district court to address her argument that *State v. Currington, supra*, essentially nullifies I.C. § 9–336. In support of this motion, defense counsel submitted his affidavit stating that his motive at the preliminary hearing was to discover more evidence about the ROPE (Repeat Offender Police Enforcement) team and that his motive at trial would have been to discredit the testimony of the witness.

The district court took an objective view encompassing more than defense counsel's statement of intent. After looking at the record and the totality of the circumstances, the court held that defense counsel had an opportunity and similar motive to cross-examine during the preliminary hearing testimony. Accordingly, the court denied the motion to reconsider, ruling that all of the elements of Rule 804(b)(1) were met and that the deceased officer's prior testimony would be admissible at trial.

Counsel for Ricks argues that the district court should have accepted his affidavit as conclusive on the question of whether he had a similar motive to cross-examine the witness at the preliminary hearing. The only authorities counsel cites in support of his subjective intent theory are various dictionaries defining "motive." Counsel contends that the definitions indicate that motive is an "inner impulse" and not an "objective fact." The state responds that such an interpretation would instigate a "wave" of affidavits similar to that filed by defense counsel showing that the "inner motive" in a particular examination was different from what the circumstances would indicate, thereby rendering Rule 804(b)(1) useless.

Although a "wave" of post-preliminary hearing affidavits asserting dissimilar motives may not occur in cases where witnesses were extensively examined, such a position would likely be taken by counsel in more difficult cases and in cases, such as the present, where defense counsel did not extensively cross-examine the witness. In any event, it is clear that the motive element of the rule must not be ignored by the courts as if it were not in the rule. *See United States v. Salerno*, —— U.S. ——, 112 S.Ct. 2503, 120 L.Ed.2d 255 (1992).

■ "At the present time, virtually all jurisdictions appear to allow the introduction of testimony given at a preliminary proceeding, at which the accused was present and had an opportunity to cross-examine the witness, when the witness is unavailable for trial." Annot., 38 A.L.R.4th 378 *Admissibility or use in criminal trial of testimony given at preliminary proceeding by witness not available at trial* § 2[a] at 384 (1985). Some courts have

adopted a *per se* rule that preliminary hearing testimony is admissible in a subsequent trial if the unavailability and opportunity to cross-examine requirements are satisfied. *See State v. Brooks*, 638 P.2d 537 (Utah 1981) (cross-examination at trial and at preliminary hearing in same case take place under same motive and interest as matter of law); *see also State v. Massengill*, 99 N.M. 283, 657 P.2d 139 (App.1983). These courts treat the "motive" issue primarily, if not entirely, as one of law. We decline to adopt such a rule, although it would be much easier for trial courts to apply. Likewise, we cannot adopt a *per se* rule that preliminary hearing testimony is inadmissible in light of the explicit statement of policy in I.C. § 9–336 and the implicit statement of policy in I.R.E. 402 and 804(b)(1). In light of the public policy expressed by our legislature in I.C. § 9–336 and the concern about admitting such testimony expressed by the Supreme Court in *Elisondo*, we conclude that a case-by-case approach is the better way to determine whether the district court was correct in ruling that the preliminary hearing testimony was admissible. *See e.g., People v. Nucci*, 162 A.D.2d 725, 557 N.Y.S.2d 422 (1990), *appeal denied*, 76 N.Y.2d 862, 560 N.Y.S.2d 1002, 561 N.E.2d 902 (1990); *Rodriguez v. State*, 711 P.2d 410 (Wyo.1985). Such an approach would allow the trial court to determine, as matters of fact, whether the party opposing the use of such testimony "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

■ Where such findings are challenged on appeal we would apply the "clear error" standard of review. If the factual predicates of I.R.E. 804 are met, and if there are no other reasons shown under the rules for its exclusion, the court may admit the evidence at trial.

We have reviewed other cases delineating factors to be considered in determining whether or not a similar motive existed at the time for developing the former testimony and the subsequent trial. Among the factors which may influence a party's motive to develop testimony are:

(1) the type of proceeding in which the testimony is given, (2) trial strategy, (3) the potential penalties or financial stakes, and (4) the number of issues and parties.

*United States v. Feldman*, 761 F.2d 380, 385 (7th Cir.1985). The testimony in *Feldman* consisted of a deposition taken in a civil case which was ultimately used in a criminal case. The court in *Feldman* held that the deposition from the civil action was not admissible in the criminal trial under Fed.R.Evid. 804(b)(1) which is identical to I.R.E. 804(b)(1). The court held the testimony inadmissible because the defendants implemented "opposite strategies in the civil and criminal trial." *Id.* at 386. Further tending to show different motives, neither of the two criminal defendants whose cases were consolidated were exposed to personal liability in the earlier civil case. Although they had notice of the civil deposition, neither of the two criminal defendants were aware that they were soon to be the subjects of a grand jury investigation, nor that the United States Attorney and the deponent, who was the other civil defendant, had agreed he would not be targeted in the grand jury investigation. Moreover, because there was no criminal indictment filed at the time of the deposition, the criminal defendants would not have been able to effectively cross-examine the deponent even if they had attended the deposition. In addition, in *Feldman*, there were multiple parties in the civil case and the issues were obviously more complex than a one or two-count criminal case.

In this case, the former testimony had been presented in the preliminary hearing of the same relatively uncomplicated case. The uncomplicated nature of the case indicates that counsel for Ricks had a similar motive to cross-examine the arresting officer. Counsel relies upon his affidavit which states that his motive in cross-examining the officer was solely for discovery purposes concerning the ROPE team. The record indicates, however, that counsel in fact questioned the officer regarding the reason for the initial stop and the status of Ricks's driver's license.

In another case involving former criminal trial testimony ruled inadmissible in a subsequent criminal trial, the Seventh Circuit discussed the purposes for the requirement of Fed.R.Evid. 804(b)(1) that the non-proponent party have an opportunity and similar motive to develop the testimony:

> This requirement operates to screen out those statements, which although made under oath, were not subject to the scrutiny of a party interested in thoroughly testing its validity. In requiring only an opportunity and motivation, however, the rule also incorporates a concept of fairness. As the advisory committee notes to Rule 804 observe: "If the party against whom [the testimony is] now offered is the one *against* whom the testimony was offered previously, no unfairness is apparent in requiring him to accept his own prior conduct of cross-examination or decision not to cross-examine." Consequently, our inquiry under this exception focuses not on the extent of cross-examination at the former proceeding, but on whether the party's handling of the testimony was " 'meaningful in light of the circumstances which prevail[ed] when the former testimony [was] offered.' "

*United States v. Pizarro*, 717 F.2d 336, 349 (7th Cir.1983) (alterations in original) (citations omitted).

In addressing the admissibility of preliminary hearing testimony taken from the victim in a prior kidnap-rape case, who was also the victim in the subsequent murder case, in which the state sought to introduce the earlier testimony, the Court of Appeals for California stated:

> [f]actors to be considered are matters such as the similarity of the party's position in the two cases, the purpose sought to be accomplished in the cross-examination, and whether under the circumstances a thorough cross-examination of declarant by the party would have been reasonably expected in the former proceeding.

*People v. Ogen*, 168 Cal.App.3d 611, 215 Cal.Rptr. 16 (1985) (quoting 1 Jefferson, Cal. Evidence Bench book (Cont.Ed.Bar,

1982) § 8.2 at 292). Because the testimony at issue in this case was taken in a proceeding in the same case, the issues and potential penalties remained constant. Although the cross-examination conducted by Ricks's counsel was quite brief, the direct-examination of the arresting officer, the state's only witness, was not lengthy either. Ricks's counsel asserts in his affidavit that his motive in cross-examining the officer at the preliminary hearing was to attempt to discover information about the ROPE team involvement as opposed to attacking the testimony as counsel would have at trial. At the preliminary hearing counsel asked four questions about the ROPE team; he asked five additional questions concerning the reason for the initial stop and the nature of Ricks's driver's license status.

■ An important factor to be considered in determining whether a similar motive for cross-examination existed at the preliminary hearing is whether there was an identity of issues between the preliminary hearing and the trial. As explained in 5 J. WIGMORE, EVIDENCE § 1386 at 90 (J. Chadbourn rev. 1974), the common law required identity of issues as a means of ensuring that the cross-examination in the two proceedings would have been directed at the same material points. "In determining whether a similar motive to develop the testimony existed at the time of the elicitation of the former testimony the courts will search for some substantial identity of issues." 11 J. MOORE, H. BENDIX, MOORE'S FEDERAL PRACTICE § 804.-04[3] at VIII–266 (2d ed. 1989); *see also State v. Douglas*, 310 Or. 438, 800 P.2d 288 (1990).

Here, the identity of the issues remained the same throughout the proceedings in the courts below. The arresting officer was the only person whose testimony could provide the state with "substantial evidence on every material element of the offense charged." While the standard of proof is obviously different for the two proceedings, the factual elements to be established at the preliminary hearing and at the trial are exactly the same. Likewise, the alignment of the parties in relation to each other and to the witness are exactly the same.

It cannot be said convincingly, that Ricks had no similar motive for cross-examination at the preliminary hearing and at trial. On both occasions it would be to the defendant's benefit to show that the testimony from the witness lacks foundation, that the witness is not competent to testify as to certain facts essential to the state's case, that the witness failed to follow standard procedures necessary for preserving the defendant's constitutional rights or that other material defects or misstatements were present in the testimony. It is not at all uncommon for cross-examination at the preliminary hearing to be used to establish facts that can be asserted against the state in a later motion to suppress. Indeed, Ricks did that here to a limited extent, although her motion to suppress was denied.

Applying the factors enunciated in *Feldman* and *Ogen* to the circumstances in this case, we hold that the district court did not commit clear error in finding that Ricks had a similar motive to develop the officer's testimony at the preliminary hearing as she would have at trial. The fact that counsel did not extensively cross-examine the officer does not establish that an opportunity and similar motive were lacking.

Ricks has failed to show that the district court abused its discretion in denying her motion in limine. Therefore, we affirm the judgment of conviction and the order denying the motion in limine.

WALTERS, C.J., and SILAK, J., concur.